## EMMA TAYLOR v. HOUSTON ELECTRIC COMPANY.

### Decided March 11, 1905.

**1.—Action for Death—Charge—Assuming Controverted Fact.**

Where, in an action for injury causing death, there was evidence to the effect that the deceased was lying drunk on the track at the time he was struck by the car, it was not error to refuse a requested charge which assumed that he was struck while attempting to cross the track.

**2.—Same—Discovered Peril.**

The requested charge was also erroneous in instructing that the motorman was guilty of negligence if, by ordinary care, he could have discovered deceased in time to have avoided striking him, since, if deceased was lying on the track, defendant would be guilty of negligence only for failure to use proper diligence to prevent injury to him after he was discovered there.

**3.—Same—Harmless Error.**

Where the evidence was undisputed that the motorman did everything in his power to avoid striking the deceased after seeing him lying on the track, and the charge as a whole was correct, error in instructing that running at less than fifteen miles an hour was not negligence was harmless as to the plaintiff.

Appeal from the District Court of Harris. Tried below before Hon. Norman G. Kittrell.

*Stanley Thompson,* for appellant.—1. It was not only the duty of the motorman to use all the means within his power to stop the car after he saw Taylor on the track, but it was also his duty to use ordinary care to discover his presence on the track. Railway v. Matherly, 9 Texas Ct. Rep., 996; Missouri, K. & T. R. R. Co. v. Nammer, 9 Texas Ct. Rep., 298; Railway v. Simpkins, 54 Texas, 615; Railway v. Hewitt, 67 Texas, 479; Railway v. Watkins, 88 Texas, 20.

2. It was the duty of the employes of the defendant to keep a lookout for persons on the track, whether they are crossing the track, standing upon it or lying down. Street Railway v. Mechler, 87 Texas, 628; Street Railway v. Dunlap, 7 Texas Civ. App., 471; Railway v. Matherly, 9 Texas Ct. Rep., 996.

*Baker, Botts, Parker & Garwood,* for appellee.—The special charge requested by plaintiff is objectionable, in that it permits a recovery if the jury found from the evidence that, by the exercise of ordinary care, the motorman could have discovered the deceased in time to have stopped the car before striking him, when, as a matter of law, since deceased was guilty of contributory negligence in lying down upon the track in the manner in which he did, defendant could only be guilty of negligence in failing to use proper diligence to prevent injury to

deceased after he was actually discovered lying upon the track. Railway v. Staggs, 90 Texas, 450; Texas & Pacific Railway Co. v. Staggs, 37 S. W. Rep., 609; Railway v. Ryan, 70 Texas, 58; Railway v. Smith, 77 Texas, 180; Railway v. Cock, 68 Texas, 713; Railway v. Lankford, 31 S. W. Rep., 355; Keuhn v. Railway, 10 Texas Civ. App., 650; Railway v. McDonald, 86 Texas, 12.

GARRETT, CHIEF JUSTICE.—This action was brought in the District Court of the Sixty-first Judicial District in Harris County by Emma Taylor against the Houston Electric Company for the recovery of damages for running over and killing of the husband of the plaintiff with one of the street cars operated by the defendant. The petition alleged as negligence on the part of defendant: (1) that the car was being run at a greater rate of speed than allowed by ordinance of the city; (2) that it was being propelled at a reckless and dangerous rate of speed; (3) failure to use ordinary care to discover persons that might be upon or crossing the track; (4) discovered peril in time to have stopped the car before running over the deceased; (5) that the motorman, when he discovered the deceased, was not at his post and did not have his hands on the brake or motor lever of the car; and (6) that the deceased was killed at a regular street crossing where people were accustomed to stop to take passage. After a general demurrer, special exceptions and general denial, the defendant pleaded contributory negligence on the part of the deceased, (1) in lying down on the track of the defendant at an obscure place; (2) in going upon the track in an intoxicated condition; and (3) in carelessly going upon the track. The case was tried by jury and resulted in a verdict and judgment in favor of the defendant. The deceased was killed by being run over by one of the cars of the defendant on October 27, 1902, about 12:30 a. m. The verdict is abundantly sustained by the evidence that he went upon the track in an intoxicated condition and was run over and killed while lying on the track between the rails.

The special instruction requested by the plaintiff and set out in the first assignment of error was properly refused both because it was upon the weight of the evidence in assuming that the deceased was attempting to cross the track when he was killed, and in instructing the jury that the motorman would be guilty of negligence if by the exercise of ordinary care he could have discovered the deceased in time to avoid striking him. The defendant under the facts of the case would have been guilty of negligence for failure to use proper diligence to prevent injury to the deceased only after he had been discovered on the track. Railway v. Breadow, 90 Texas, 30; Railway v. Staggs, 90 Texas, 450.

The second assignment of error complains of the latter paragraph of the following charge: "In this connection you are further instructed that if the car of the defendant was being propelled at a greater rate of speed than fifteen miles an hour, such speed was, in law, negligence, and, if such speed was the direct and immediate cause of the death of Taylor, that but for such negligent speed, if you so find it was, the accident would not have occurred, the plaintiff is entitled to recover. If, however, the speed of the car was less than fifteen miles an hour,

the same was not negligence, and the plaintiff can not recover, if you believe the deceased was lying on the car track, unless she has proved that the motorman in charge of the car could, by the use of means reasonably within his power, have stopped the car after he saw Taylor, in time and distance sufficient to avoid striking Taylor."

The undisputed evidence showing that the motorman did everything in his power to avoid striking the deceased, and taking into consideration. the charge as a whole, the error in the instruction with reference to the speed of the car less than fifteen miles an hour was harmless.

There are other errors assigned on the charge of the court, but they do not present anything necessary for consideration. The judgment will be affirmed.

*Affirmed.*