## GIBERSON *v.* WILSON.

### Opinion delivered July 9, 1906.

1. APPEAL—CONCLUSIVENESS OF CHANCELLOR'S FINDING.—A chancellor's finding will not be set aside unless against the weight of evidence. (Page 583.)

2. TRIAL—STIPULATION AS TO ISSUE.—In an "adverse suit," authorized by Rev. Stat. U. S. § § 2325, 2326, to settle conflicting rights in a mining claim, it is competent for the parties to stipulate that the sole issue

to be tried shall be the one therein stated, and such stipulation dispenses with the need of proof of any facts other than on the point. in issue. (Page 583.)

Appeal from Marion Chancery Court; *T. H. Humphreys,* Chancellor; affirmed.

*W. S. Chastain* and *John B. Jones,* for appellant.

1. The location of appellees was void for failure to mark the same on the ground, so that its boundaries could be readily traced. 72 Ark. 215, and cases cited.

2. Notwithstanding the waiver by the parties and their submission of the cause upon a single issue, the court is not bound by such agreement in a case where the matter to be determined is the right to a patent under the laws of the United States. The court is not authorized to decree that appellees had a valid location, when no location was either alleged or proved.

3. There is no proof of resumption of work in good faith in 1899, as contemplated by the act of Congress. On the contrary, it shows that their work for years had been fraudulent.

*Horton & South,* for appellees.

1. If the complaint was defective, appellant should have moved to make it more definite and certain. Failing in this, and having answered on the merits, the defect was waived. Kirby's Digest, § 6147; 71 Ark. 562; 60 Ark. 39.

2. The burden is on him who attacks the validity of a location to show that it is invalid. Barringer & Adams, Mines & Mining, 301, 302, 312, 313; Lindley on Mines, § 636 and note No. 2; *Ib.* 643; 1 Morrison, Min. Rep. 32; 6 *Ib.* 305. It was competent and proper practice for the parties by agreement to narrow the issues to a single one of fact. Parties are bound by admissions in pleadings and by recitals of a judgment. 14 Ark. 167. Such agreement, made a part of the decree, is as binding as an admission in pleadings. Evidence is not admissible to disprove an admission of a party in his pleadings. 32 Ark. 470; 7 Am. & Eng. Enc. Law (1 Ed.), 2, and cases cited; 5 *Ib.* 381, 382.

3. This case is to determine who has the superior equity in the land, as tested by the laws of this State, and the effect the

decision may have as to who shall procure a patent is not for this court to consider.

4. On the question of resumption of work in 1899, the finding of the chancellor, while not conclusive upon this court, is at least persuasive. 41 Ark. 292; 42 Ark. 246; 43 Ark. 308; 44 Ark. 216. And the chancellor was justified in his findings, as appears by the evidence.

HILL, C. J. This is an "adverse suit" authorized by sections 2325, 2326, Rev. St. of the United States, to settle conflicting rights in a mining claim.

The complaint did not contain all the allegations necessary to make out a case for the plaintiff, but did contain general allegations sufficient to make the complaint a proper basis for a good complaint, if objection had been taken to its form. It was answered on the merits, and then this stipulation entered into: "And both parties in open court waived all other points raised in the pleadings, and submitted the cause to the court upon the sole issue as to whether or not plaintiffs under their said location had resumed work on said claim in the year 1899, and after the forfeiture in 1898, and before the location under which the defendant claims title, which was made June 20, 1899." On the sole issue tried before the court there was a conflict, and such a conflict that it can not be said that the chancellor's findings are against the weight of the evidence.

The appellant contends that the evidence fails to show that the plaintiff made out all the necessary proof to entitle him to patent under the laws of the United States, and that this stipulation would not do away with the necessary allegations and proof of all facts necessary to make out a case entitling him to a patent.

The nature of these suits is fully explained in *Blackburn* v. *Portland Gold Mining Co.*, 175 U. S. 571, and *Shoshone Mining Co.* v. *Ritter*, 177 U. S. 505. The Congress has not attempted to regulate the practice in the State courts in these cases. It merely has relegated the litigation to the courts, instead of litigating the questions before the departments, as formerly.

Treating the case as any other litigated matter between individuals, the stipulation was binding, and not improper practice. It is entirely competent for parties to a litigation to stipulate that the only issue is the one therein stated. Such is the

whole object of pleading, to eliminate the undisputed matters and narrow the issue to the material point of difference. This stipulation merely performed that office, and necessarily implied that all other facts necessary on either side to make out the respective contentions were undisputed. Taking this view of the case, it was not necessary for plaintiff to prove facts other than on the point of issue. Whether the United States land officers will accept a judgment based on an issue thus limited is a matter for their consideration, not for this court.

There is nothing to indicate that the issue was a feigned one for the fraudulent purpose of deceiving either the court or land department of the Government.

The judgment is affirmed.