## SAN ANTONIO TRACTION COMPANY v. J. P. KELLEHER.

### Decided January 8, 1908.

**1.—Personal Injury—Discovered Peril.**

To make out a case on the ground of discovered peril, the evidence must reasonably show that plaintiff's position of peril was in fact discovered. The phrase "discovered peril" imports the absolute necessity of such proof. Not only this, but it must reasonably tend to show that, when discovered, the one charged with the infliction of the injury did not exercise ordinary care to use all the means at hand, consistent with his duty to himself and others, to avert the injury.

**2.—Practice—Insufficient Evidence—Motion for Verdict.**

When, upon the conclusion of plaintiff's evidence, the defendant deems the evidence insufficient to support a verdict for the plaintiff, he should there rest his case and rely on the refusal of the court to give a peremptory instruction for him. By introducing his own evidence the defendant waives the right to have the appellate court review the action of the trial court if the evidence of both parties taken together is sufficient to carry the case to the jury on any one or more of the issues raised by the pleading.

**3.—Discovered Peril—Knowledge—Antecedent Negligence.**

The principle of discovered peril has no application in the absence of actual knowledge on the part of the person inflicting the injury of the peril of the party injured in time to use of the means and agencies then at hand. If he had no such knowledge, the duty was not imposed, though by the exercise of reasonable care he might have acquired such knowledge. Any question as to the antecedent negligence of either party has no place in a case based upon discovered peril alone.

**4.—Same—Ordinary Care—Rule of Law.**

While it is the duty of a motorman, operating a car along the streets of a city, to exercise ordinary care to discover persons on the track, and although, as an incident to the discharge of the duty, he may discover a person in a situation of peril, there is no rule of law which makes it his duty to exercise any degree of care to make such discovery, and a charge to that effect would be upon the weight of the evidence.

**5.—Pleading—Construction—Charge.**

Where, in a suit for personal injuries, plaintiff relies upon several grounds of negligence on the part of the defendant, but they are all predicated on the allegation that plaintiff was walking over and along a certan street when one of defendant's cars struck, knocked him down, ran over him and injured him, it was error for the court to submit to the jury the issue of discovered peril upon the hypothesis that plaintiff was lying in the street with his feet on one of the rails of the car track when he was injured. The proof must correspond with the allegations.

**6.—Street Railroads—Right of Way.**

In a suit for personal injuries caused by being struck and injured by a street car, a charge to the effect that the street car company had no exclusive right to the use of that part of the street upon which its tracks are laid, but that plaintiff had an equal right to its use in traveling over and across it, is misleading and erroneous. Pedestrians have no right to obstruct the speedy progress of those who see fit to use the street cars, and should step aside, if possible, and allow the car to proceed.

**7.—Contributory Negligence—Evidence.**

In a suit for personal injuries caused by being struck and injured by a street car, evidence considered, and held to show that plaintiff was guilty of such contributory negligence as to preclude a recovery by him,

Appeal from the 45th District Court, Bexar County. Tried below before Hon. J. L. Camp.

*Ogden, Brooks & Napier*, for appellant.—The plaintiff's own testimony showed that he was guilty of contributory negligence, as a matter of law, and therefore the court should have instructed a verdict for the defendant. International & G. N. Ry. v. Edwards, 100 Texas, 22; Galveston, H. & S. A. Ry. v. Ryon, 80 Texas, 59; Gulf, C. & S. F. Ry. v. Matthews, 99 Texas, 160; International & G. N. Ry. v. Ploeger, 16 Texas Ct. Rep., 183; Gulf, C. & S. F. Ry. v. Miller, 70 S. W. Rep., 125; Ft. Worth & D. C. Ry. v. Wyatt, 35 Texas Civ. App., 119.

The duty imposed by the law of discovered peril did not arise until the person operating the car actually discovered such peril, and it was error to submit to the jury the question as to whether he could, by the exercise of ordinary care, have discovered plaintiff's peril in time to have avoided injuring him by the use of the means at hand. San Antonio & A. P. Ry. v. McMillan, 100 Texas, 562; Railway v. Breadow, 90 Texas, 26; Texas & Pac. Ry. v. Staggs, 90 Texas, 458.

There was no pleading on which to base a recovery if the plaintiff was lying with his feet on the rails of the street car track. San Antonio & A. P. Ry. v. McMillan, 100 Texas, 562; Missouri, K. & T. Ry. v. Haltom, 95 Texas, 112; Ft. Worth & D. C. Ry. v. Shetter, 94 Texas, 199; Houston v. T. C. Ry. v. O'Donnell, 99 Texas, 637; Tull v. St. Louis S. W. Ry., 87 S. W. Rep., 910.

If the plaintiff was drunk and lying down on the ground with his foot on the track, then he was guilty of contributory negligence as a matter of law, and it was error in that event to submit the further question of discovered peril, because there was no evidence on which to base that issue. Gulf, C. & S. F. Ry. v. Matthews, 99 Texas, 160; Smith v. International & G. N. Ry., 34 Texas Civ. App., 209; St. Louis S. W. v. Shiflet, 98 Texas, 102; Ft. Worth & D. C. Ry. v. Wyatt, 35 Texas Civ. App., 119.

The charge was misleading in that it was calculated to lead the jury to believe that the plaintiff had just as much right to be drunk and lying down with his feet on the track as the defendant did to run its cars along the track. Houston, E. & W. T. Ry. v. Runnels, 92 Texas, 307; Nellis on Street Railway Accident Law, pp. 52 to 59.

*John Sehorn* and *T. M. West*, for appellee.—The court did not err in refusing to instruct a verdict for the appellant at the close of appellee's testimony, because the evidence was ample to show that appellee was injured through the negligence of appellant, and was himself free from contributory negligence. San Antonio St. Ry. Co. v. Renken, 38 S. W. Rep., 830; Houston & T. C. Ry. Co. v. Sympkins, 54 Texas, 621; Houston & T. C. Ry. Co. v. Harvin, 54 S. W. Rep., 631; Texas & Pac. Ry. Co. v. Phillips, 37 S. W. Rep., 621; Missouri, K. & T. Ry. Co. v. Snowden, 44 Texas Civ. App., 509; North Texas Traction Co. v. Thompson, 42 Texas Civ.

App., 613; Eppstein v. Mo. Pac. Ry. Co., 94 S. W. Rep., 369; Goff v. St. Louis Transit Co., 98 S. W. Rep., 53; Mann v. M., K. & T. Ry. Co., 100 S. W. Rep., 566; Houston & T. C. Ry. Co. v. Ramsey, 43 Texas Civ. App., 603; Texas Pacific Ry. Co. v. Patterson, 102 S. W. Rep. 139; Texas Pacific Ry. Co. v. Brannon, 43 Texas Civ. App., 531; Gulf, C. & S. F. Ry. Co. v. Matthews, 99 Texas, 160; Galveston City Ry. Co. v. Hewitt, 67 Texas, 473; Chicago & Rock Island Ry. Co. v. Long, 74 S. W. Rep., 59; San Antonio & A. P. Ry. Co. v. Brock, 35 Texas Civ. App., 155.

It was the duty of the motorman operating the car to exercise ordinary care to discover appellee's presence on the track; and if by the exercise of such care he could have discovered appellee in a position of peril in time to have avoided injuring him by the use of the means at hand consistent with the safety of the passengers and car, and he negligently failed to do this, then, if appellee was not guilty of contributory negligence, he was entitled to recover, and the charge so correctly instructed the jury.

Judge Gould, in Railway Co. v. Sympkins, a case similar to this one, says: "We prefer this line of decisions holding railroads bound to exercise their dangerous business with due care to avoid injury to others, as correct in principle and sound in policy, and as protecting even a trespasser who is not guilty of contributory negligence."

Likewise, in the case of the Missouri, K. & T. Ry. Co. v. Hammer, 34 Texas Civ. App., 354, Judge Rainey, in discussing a charge almost similar to this one, says: "It is urged that this charge is erroneous in that an affirmative duty of keeping a lookout was placed upon appellant, to prevent injuring the child, the contention being that, the child being a trespasser, no duty arose in relation to it unless its danger was known or should have been anticipated. The doctrine that a railroad owes no duty to one wrongfully on its tracks, except to refrain from wanton injury to him, has been expressly repudiated by the Supreme Court of this State; not only so, but it has held that it is the duty of carriers to keep a lookout for anyone who may be on the track."

Also, in the case of Galveston, H. & H. Ry. Co. v. Levy, 79 S. W. Rep., 883, the court says: "The charge complained of does no more than submit to the jury the issue of whether the operatives of the train failed to keep a reasonable lookout." Gulf, C. & S. F. Ry. Co. v. Smith, 87 Texas, 357; Texas & Pac. Ry. Co. v. Watkins, 88 Texas, 24; Texas & Pac. Ry. Co. v. Staggs, 90 Texas, 458; International & G. N. Ry. Co. v. Lee (Texas Civ. App.), 34 S. W. Rep., 161; St. Louis S. W. Ry. Co. v. Jacobson (Texas Civ. App.), 66 S. W. Rep., 1111.

Also, in the case of Ollis v. Houston, E. & W. T. Ry. Co., 73 S. W. Rep., 31, it is said: "Such being the case, it was the duty of the employes of the defendant to use ordinary care to discover the presence of the children, and to avoid inflicting injury upon them."

Likewise, in the case of McGrew v. St. Louis, S. F. & T. Ry. Co., 74 S. W. Rep., 818, it is said: "At places where streets which are used by the public cross the tracks of a railway, and at other

places on and in close proximity to the tracks, which the public have a right to use, and which are so used, the servants of the company, when in charge of locomotives and trains, must, in approaching such places, exercise ordinary care, not only to discover if persons are on the track, but must also exercise such care to ascertain if any are in near proximity, and are about to cross the tracks. At such places the vigilance does not cease with the discovery that the track is clear, but there must be a reasonable lookout to discover if anyone who may lawfully use or cross the track is about to do so."

And in the case of Olivaras v. S. A. & A. P. Ry. Co., 77 S. W. Rep., 981, Judge James says: "On the other hand, if they were not guilty of contributory negligence, then it was a question for the jury to say whether or not, under all the circumstances, defendant's employes were negligent in not sooner discovering its danger."

Also, in the case of the St. Louis S. W. Ry. Co. v. Jacobson, 66 S. W. Rep., 1111, the court says: "It is contended under this assignment that it was error to impose the duty of care upon the train operatives until the peril of deceased was actually discovered. We understand the law to be that as to persons rightfully on the track, where the operatives of the train may expect them to be, the operatives owe the general duty of lookout, and must exercise ordinary care to discover them, as well as to avoid injury after the peril is discovered. A violation of this duty would not render the company liable if the person thereby injured was guilty of contributory negligence in failing to exercise reasonable care for his own safety, but the law imposes the duty, nevertheless, and the company, in such case, is not acquitted of blame, but recovery is denied, because the injured party is also in fault. To illustrate: Suppose deceased, in the lawful discharge of his duty of inspection after the passage of each train, had been upon the bridge in question, and had by some means become disabled so that he could not leave it. Suppose the operatives of the train could, by the exercise of a reasonably careful lookout, have discovered him in time to avoid injuring him. Can it be doubted that in such case the company would be liable? Texas & Pac. Ry. Co. v. Watkins, 88 Texas, 24; Houston & T. C. R. R. Co. v. Sympkins, 54 Texas, 615. Here, according to one phase of the testimony, the deceased was rightfully on the bridge, and at a point where the operatives of the train had a right to expect him to be. It was the duty of the court to charge the law applicable to this state of facts if found by the jury to exist."

The appellant complains because the court gave appellee's special charge as follows: "The defendant Traction Company had no right to the exclusive use of that part of South Flores Street upon which its tracks are laid, but the plaintiff had an equal right to the use of same for travel over and across the same." This court has time and again approved this charge, and the following cases (most of them being decided by this court) sustain the action of the lower court in giving this charge. San Antonio R. T. S. Ry. Co. v. Limburger, 88 Texas, 79; San Antonio Street Ry. Co. v. Renken, 38

S. W. Rep., 829; San Antonio Traction Co. v. Upson, 71 S. W. Rep., 565; Dallas Con. E. S. Ry. Co. v. Illo, 73 S. W. Rep., 1076; Galveston City Ry. Co. v. Hewitt, 67 Texas, 473; San Antonio Traction Co. v. Haines, 100 S. W. Rep., 788; San Antonio Traction Co. v. Kumpf, 99 S. W. Rep., 863.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by appellee against the appellant to recover damages for personal injuries alleged to have been inflicted by the latter's negligence. It was alleged by plaintiff in his petition that on or about January 26, 1906, he was walking along South Flores Street at or near its intersection with Baylor Street in the city of San Antonio, Texas, when an electric car operated by defendant's servants approached him from the rear, ran against him, knocked him down and ran over and crushed both his feet, whereby he was compelled to have the anterior portion of one amputated. That defendant and its employes in charge of the car were negligent in this: (1) That the car was being run at a rapid and dangerous rate of speed, to wit: at the rate of twenty miles an hour, contrary to and in violation of section 15, chapter 49, of the Revised Criminal Ordinances of the city of San Antonio, which provides that no electric car shall be run in that portion of the city where plaintiff was injured at a greater rate of speed than ten miles an hour; (2) that no gong was sounded by said car for at least seventy-five feet before reaching Baylor Street, contrary to and in violation of certain designated ordinances of said city which were then in force; (3) that the employes on said car failed to keep a lookout, and negligently ran said car against him without giving any warning whatever of its approach; (4) that the employe in charge of the car by the exercise of ordinary care could have discovered plaintiff in time to have stopped the car and prevented his injury, but negligently failed to do so; and (5) that the employe in charge of the car discovered plaintiff's position of peril, and after such discovery could, by the use of the means at hand, have stopped or checked the speed thereof and thereby have averted plaintiff's injury, but that such employe negligently failed to make any effort to either stop or reduce the speed thereof. That each and all the foregoing negligent acts caused or contributed to cause plaintiff's injuries. The damages were laid at $25,000.

The defendant answered by a general demurrer, a general denial, and specially that if plaintiff was injured as alleged, his injuries were caused and contributed to by his own negligence in being upon the street car track at the time and in the manner he was and in failing to exercise due care for his own safety. That he was drunk and in an intoxicated condition and negligently placed himself in front of the moving car.

The trial of the case resulted in a judgment and verdict in favor of the plaintiff for $7,000.

Such of the evidence as pertains to the assignments of error will be stated in disposing of such of them as require its consideration.

1. After plaintiff closed his evidence the defendant moved the court to instruct the jury to return a verdict in its favor. The refusal of the motion is the subject of the first assignment of error. With the exception of the ordinance regulating the speed of electric cars, the testimony of plaintiff was the only evidence that had been introduced when he closed his case and the motion of defendant to instruct a verdict was made. We have read from the record all this evidence. Without discussing it, we will say that we can not perceive how any rational and unprejudiced human being can come to any other conclusion from this evidence than that plaintiff's injuries were proximately caused by his own negligence. This state of the evidence would exclude plaintiff's right to recover upon any of the grounds alleged, except that of discovered peril.

There can be no doubt that the testimony of plaintiff, if true, is sufficient to show that he was in a position of peril; but this is not enough. To make out a case on the ground of discovered peril, the evidence must reasonably show that plaintiff's position of peril was discovered. The phrase "discovered peril" imports the absolute necessity of such proof. Not only this, but it must reasonably tend to show that, when discovered, the one charged with the infliction of the injury did not exercise ordinary care to use all the means at hand consistent with his own safety, the safety of others in his care, and, if a servant, with the safety of his master's property intrusted to him, to avert the injury. However negligent such person may be in every other respect, and however much any antecedent negligence may have contributed to the injury of plaintiff, such negligence is not even a factor in an action based alone upon his discovery of the peril of the injured party. Such other negligence may constitute an independent cause of action, but it has nothing to do with discovered peril.

If, then, plaintiff, as he testified, was walking along the street car track in front of an approaching car, it may reasonably be presumed from the evidence that the motorman saw him; but, unless it can be said that the motorman knew or had reason to believe from the appearance of plaintiff that he would not leave the track before the car reached him, it can not be said that the motorman knew that his position was one of peril; for the discovery of one in a position of peril involves knowledge of the peril. Under the state of the evidence considered under this assignment it is not known whether the motorman saw plaintiff walking along the track or not. This is wholly a matter of inference. The inference that he did see him, does not necessarily carry with it the further inference, that he realized that plaintiff would not leave the track in time to avoid being struck and injured. For the inference, though one of fact, would, ordinarily, be to the contrary. San Antonio & A. P. Ry. v. McMillan, 100 Texas, 562. Indeed, in some jurisdictions such inference is regarded so cogent as to give courts a handle for holding it a matter of law. But if the inference could be drawn, from the inference that the motorman saw plaintiff walking on the track, that the motorman realized his peril, the further inference would have to be deduced that such peril was discovered

by him in time, by the exercise of ordinary care to use the means at hand, to have prevented running the plaintiff down. This would be heaping inference upon inference, which is not permissible. It was not known at this stage of the trial how fast the car was running. It is averred by plaintiff, and insisted by his counsel, that its speed exceeded the rate prescribed by ordinance. If this be so, the greater would have been the difficulty, after discovering plaintiff's peril, in stopping the car in time to have averted his injury. Nor was it, at this stage of the trial, known with what appliances the car was equipped for stopping or checking its speed; nor, if it should be presumed they were such as are generally in use, that they were in good working order at the time, which can not be presumed from the indulgence of the other presumption. That the motorman, if shown to have discovered plaintiff's peril, could, in the exercise of ordinary care, by the use of the means at hand after such discovery, have stopped or checked the speed of the car in time to have averted his injury, must be proved by plaintiff by a preponderance of the evidence in order for him to recover on the ground of discovered peril. In our opinion, even if it should be conceded the evidence was sufficient on other matters, this was not done. In the absence of such proof at the time plaintiff closed his testimony, we think the court should have granted defendant's motion to instruct a verdict in its favor.

But it does not follow from this that the judgment should be reversed on this assignment of error. To have effected such result, the defendant should have rested its case upon the refusal of the court to grant the motion to instruct a verdict in its favor, upon the close of the plaintiff's testimony. Instead of doing so, the defendant introduced its evidence. The effect of this was to waive its right to have the judgment reversed on account of the error of the court in refusing its peremptory instruction, if the plaintiff's evidence, together with that introduced by defendant, was sufficient to carry the case to the jury on any one or more of the alleged grounds of negligence. Grooms v. Neff Harness Co. (Ark.), 96 S. W. Rep., 137. The question as to whether the evidence, after the introduction of all the testimony, was sufficient to require a submission of the case to the jury, will be determined in considering subsequent assignments.

2. The second assignment complains of the third paragraph of the court's charge, which is as follows:

"Or if you believe from the evidence that on or about January 26, 1906, plaintiff was on the track of defendant on South Flores Street and was struck by one of defendant's cars and was thereby injured substantially as charged in his petition, and if you further believe from the evidence that while plaintiff was on said track, as the car approached him, he was in a position of peril and that the motorman in charge of said car, by the exercise of ordinary care as he approached plaintiff could have discovered plaintiff's peril in time to have avoided injuring plaintiff by the use of the means at hand, consistent with the safety of his passengers and car, and if you also believe from the evidence that

said motorman failed to discover plaintiff in a position of peril in time to prevent injuring him by the use of the means at hand and that such failure, if any, was negligence, and that such negligence, if any, was the direct cause of plaintiff's injury, if any, and plaintiff was not guilty of contributory negligence, then I charge you in this event, also, your verdict must be for the plaintiff."

The principle upon which the doctrine of discovered peril rests does not include, but excludes, the failure of the defendant to make discovery. It is when the discovery is made, defendant's negligence in regard to it begins and not before. It is the discovery of the plaintiff's peril in time to have stopped the car or checked its speed and the failure of the defendant to use ordinary care in applying the means at hand, whereby the injury occurred, which constitute the cause of action. Texas & P. Ry. v. Breadow, 90 Texas, 26; Texas & P. Ry. v. Staggs, 90 Texas, 458; Ft. Worth & D. C. Ry. Co. v. Shetter, 94 Texas, 196; Missouri, K. & T. Ry. Co. v. Haltom, 95 Texas, 112; Gulf, C. & S. F. Ry. v. Townsend, 82 S. W. Rep., 804; Cardwell v. G., B. & G. N. Ry., 88 S. W. Rep., 422; Houston & T. C. Ry. Co. v. O'Donnell, 99 Texas, 637; Houston & T. C. Ry. Co. v. Ramsey, 43 Texas Civ. App., 603; North Texas Traction Co. v. Mullens, 99 S. W. Rep., 433; Johnson v. T. & G. Ry., 100 S. W. Rep., 208; Dallas Cons. Elec. St. Ry. v. Conn., 100 S. W. Rep., 1021; Kelley v. G., C. & F. Ry. Co., 101 S. W. Rep., 1166; San Antonio & A. P. Ry. Co. v. McMillan, supra; Texas & P. Ry. Co. v. Patterson, 102 S. W. Rep., 139; Texas & N. O. Ry. Co. v. Scarborough, 104 S. W. Rep., 411; Taylor v. Houston Elec. Co., 85 S. W. Rep., 1019; International & G. N. Ry. v. Jackson, 90 S. W. Rep., 920; Beaty v. El Paso Elec. Ry. Co., 91 S. W. Rep., 365; Galveston, H. & S. A. Ry. Co. v. Murray, 99 S. W. Rep., 149.

In discussing the principle upon which the doctrine of discovered peril is founded, in the case last cited it is said: "The principle, however, has no application in the absence of actual knowledge of the person inflicting the injury of the peril of the party injured in time to avoid the injury by the use of the means and agencies then at hand. If he had no such knowledge, the duty was not imposed, though it is clear, by the exercise of reasonable care, he might have obtained such knowledge." "Discovered peril" rests upon the principle that, "the party, who has the last clear opportunity to avoid the accident, notwithstanding the negligence of his opponent, is considered solely responsible for it." This relegates the antecedent negligence of either party to the position of the remote cause of the accident.

We have thus cited authorities for the purpose of illustrating the principle demonstrated by them, that neither the antecedent negligence of plaintiff nor defendant (if there was such negligence on its part) is a factor, either *pro* or *con*, in this action insofar as it is predicated upon the discovery of plaintiff's peril by the motorman in operating the car.

But as we understand plaintiff's counsel from their brief, their

insistence is that the paragraph of the charge in question does not present the issue of discovered peril, but that of the negligence of the motorman operating the car in failing to exercise ordinary care to discover plaintiff's presence on the track. It can not be given this construction; and, evidently, it was the intention of the trial judge that it should not be. For it submits the fourth ground of negligence as alleged in the petition, and the issue of such negligence of the motorman is pointedly submitted by the immediately preceding paragraph. Then why should it be at once repeated? Eliminate the issues of the motorman's and the plaintiff's negligence from the paragraph, and it in plain and unmistakable language imposes upon the motorman the duty of exercising ordinary care to *discover plaintiff's* peril in time to have avoided injuring him by the use of the means at hand, and instructs the jury that if the motorman failed in such duty its verdict must be for the plaintiff. That the submission, in this connection, of the questions of negligence would render the paragraph erroneous as a charge upon discovered peril, does not free it from the construction that it imposes upon the motorman the duty of exercising ordinary care to "discover plaintiff's peril in time," etc.

While it is the duty of a motorman, operating a car along the streets of a city, to exercise ordinary care to discover persons on the track, and although, as an incident to the discharge of the duty, he may discover a person in a situation of peril, we know of no rule of law which makes it his duty to exercise any degree of care to make such discovery. If, therefore, the third paragraph of the charge would admit of the construction of submitting the issue as to whether the motorman "exercised ordinary care to discover appellee's presence on the track," as contended by counsel, it would clearly be upon the weight of the evidence, in that it involves the assumption that the discharge of the duty would result in his discovery of the peril.

In this case, according to plaintiff's testimony, he was walking along the track when injured. If this is so, his discovery by the motorman would not involve a knowledge of peril. For he might not have anticipated that plaintiff would not leave the track before encountering danger. Railway v. Shetter, *supra*. But, as we have seen, no liability is imposed because of the mere failure to exercise care to discover the peril.

3. The third assignment of error complains of the fourth paragraph of the charge, which is as follows:

"Or if you believe from the evidence that the plaintiff was lying on South Flores Street with his feet on one of the rails of the street car track and that a car of defendant operated by its motorman ran over plaintiff's feet and injured plaintiff substantially as charged in his petition, and, if you further believe from the evidence that such motorman discovered plaintiff's position of peril in time so that by the exercise of ordinary care he could have stopped said car by the use of the means at hand, consistent with the safety of his passengers and car, and have prevented injuring plaintiff, and that said motorman negligently failed to do this, and that this

negligence, if any, was the direct cause of plaintiff's injury, if any, then I charge you that in this event also, your verdict must be for the plaintiff, even though you believe from the evidence that plaintiff was drunk and was guilty of negligence in lying with his feet on said track."

The objection urged is, that plaintiff's pleadings did not authorize the court to submit the issue of discovered peril upon the hypothesis that he was lying on the street with his feet on one of the rails of the car track when he was injured. It will be observed from our statement of the allegations of negligence that every one is predicated upon the preceding allegations that he "was walking over and along South Flores Street . . . when a certain electric car of defendant ran into and against plaintiff in consequence of which he was knocked down in front of said car and said car ran over and crushed both his feet." It is a rule of grammatical construction that relative, qualifying or limiting words or clauses are to be referred to the next preceding antecedent. But where there is only one antecedent there can be no reason for construction; for the relative, qualifying or limiting words or clauses are *ex necessitate rei* referable to the only antecedent. That the four other grounds of negligence alleged appear in the petition before that of discovered peril can make no difference. Though all relate to the antecedent allegations that plaintiff was walking over and along the street, etc., each is otherwise separate, distinct and independent of the other. If each is not referable to the antecedent allegations that plaintiff was "walking on and along Flores Street," etc., then each is without sufficient averments to show any cause of action. In that event it would not appear that plaintiff was on the street, or even that he was injured.

As regards discovered peril, the petition must be read as though it were the only ground of negligence alleged. It would then read as follows: "That while plaintiff was walking on and along South Flores Street . . . in the city of San Antonio, an electric car operated by defendant's servants approached him from the rear, ran against him, knocked him down and ran over and crushed both his feet, whereby he was compelled to have the anterior portion of one foot amputated. That defendant and its employes in charge of the car were negligent in this: That the employe in charge of the car discovered plaintiff's position of peril, and after such discovery could, by the use of the means at hand, have checked the speed thereof and thereby have averted plaintiff's injury, but that such employe negligently failed to make any effort to stop or reduce the speed thereof."

Thus read, it is inconceivable how it could have been so construed as to embrace allegations that would authorize the court to give the paragraph of the charge complained of, authorizing a verdict upon proof of facts essentially different from those averred by plaintiff as his cause of action. If plaintiff, when discovered by the motorman, was lying on the street with his feet on one of the rails of the street car track, the allegation that he was walking along the street, etc., when discovered by the employe operating the car,

was disproved; and, instead of the charge authorizing a verdict in his favor, it should have directed the jury to find for the defendant.

If plaintiff was, as alleged, walking along the street, though seen by the motorman, his position of peril might not have been realized by him; but if he was lying on the street with his feet on one of the rails of the car track, his discovery in that position by the motorman would carry with it a realization of his peril. The defendant came prepared to meet the allegations in plaintiff's petition, and the very evidence by which he disproved them (though the facts were not alleged) was taken by the court as furnishing a ground for his recovery, and as such were submitted in its charge to the jury. An error more palpable or damaging than this can not, in our judgment, be disclosed by a record.

4. What we have said in disposing of the third assignment of error likewise disposes of the fifth, by which complaint is made of the fifth paragraph of the charge, which is based upon the hypothesis that plaintiff was drunk and lying on the ground when the car approached and run over his foot.

5. If the sixth paragraph of the charge should be regarded as referring to plaintiff's position as lying on the ground with his feet on the rail of the track, it was error for the reasons stated in disposing of the two preceding assignments. But if it has reference to his position as alleged in the petition, we are not prepared to hold it erroneous. Because, as will be more fully explained in disposing of succeeding assignments, the jury may have believed from the circumstances in evidence that the motorman saw plaintiff's peril in time, by the exercise of ordinary care to use the means at hand to have stopped the car before running over him. The charge, however, should not have been so framed as to permit a finding for plaintiff on either or both of these hypotheses.

6. We overrule the eighth assignment of error, complaining of the second paragraph of the charge, which submits the issue as to whether the motorman operating the car failed to keep a lookout or to sound the gong as the car approached plaintiff while he was walking along the street as alleged in his petition.

7. What we have said in disposing of previous assignments of error renders it unnecessary to say more in regard to the ninth, than that if certain paragraphs of the charge, which we have held should not have been given, were eliminated, the part of the charge complained of by it would not be obnoxious to the objection that it repeats and gives undue prominence and emphasis to the duty of the motorman to keep a lookout.

8. At plaintiff's request the court charged the jury that the "Traction Company had no right to the exclusive use of that part of South Flores Street upon which its tracks are laid; but that plaintiff had an equal right to its use in traveling over and across it." It is claimed by defendant that such special charge was upon the weight of the evidence and calculated to mislead the jury, both as to the degree of care required by defendant company and that of plaintiff to avoid injury.

Streets are for the use of the public as thoroughfares, and it is

for such use street car companies are given the right to lay their rails and operate their cars along them; but this right does not exclude such part of the street from being used by the public or its members in traveling in any other way, either on foot or in vehicles. And in a certain sense the right to its use by a member of the public is equal to that of a street railway company. But this right is not without its limitations. Such a company can only run its cars along its track, while a pedestrian can walk along any part of the street, and usually is expected to take the sidewalk, when not crossing the street, a part of the street generally dedicated to the use of those traveling over it on foot. Conditions, however, may be such as may induce him to exercise his right to walk along that part over which the car track is laid. But when he does this, he has no right to prevent those in the exercise of their right to travel in street cars of the convenient and speedy mode of transportation for which street railway companies are designed, by walking in front of an approaching car and thereby limiting the speed of the car to that made by him in walking. In such event, it is his duty, if he is where he can safely do so, to step aside and let the street car go on at its usual speed. It is true, that the one operating the car can not run him down if he sees that he is not going to leave the track; but we apprehend that the company is not without the right to have him removed and kept off the track until its car passes. The special charge might be taken by the jury to exclude this qualification of the right of the plaintiff to use the part of the street occupied by the railway track, and was evidently requested by his counsel for the purpose of having it taken in that sense by the jury; for it could serve no other purpose. We therefore think that the court erred in giving it in the form it was drawn.

9. The remaining assignments of error complain of the refusal of certain peremptory instructions to the jury to return a verdict for the defendant, for the reason that, upon no ground of negligence alleged, was the evidence sufficient to support a verdict in plaintiff's favor; and of the refusal of the court to grant defendant's motion for a new trial upon such grounds. As each of these assignments requires us to review the evidence, they will be considered together.

In disposing of the first assignment of error we held that, at the stage of the trial when plaintiff closed his testimony, the evidence was insufficient to support a verdict in his favor, because it showed that he was guilty of contributory negligence which would preclude his recovery on any ground, except discovered peril; and that he could not recover on that ground for the reason that proof of facts essential to establish it was lacking.

After all the testimony was introduced by either party, the evidence of plaintiff's contributory negligence remained unchanged. It was, in substance, that late at night, after he had drunk copiously through the day of intoxicating liquors at home, and freely with a negro at night he started afoot to the S. A. & A. P. depot to see a man, and, after going some distance from the saloon where he had been drinking with his negro pal, he turned back to go home,

taking the center of the street car track on Flores Street; and, while walking along there, was in a deep study thinking intently on what he would do. This, however, is best told in his own language, which is as follows: "I was walking along there in a deep study, thinking intently on what I would do . . . I didn't think any more about the cars at all, because I was busy thinking. That is the only thing that put me off, that I could see. . . . I was thinking intently on whether I would work here or go back. I was not listening. A man in the deep study like I was—that is the only way I can account for it. I guess I would have been listening for the car, if I had not been in a deep study; but I was in a deep study and not listening for it—thinking intently what I was going to do, and walking down the track. . . . I was not looking back or anything, but was walking straight ahead, looking straight ahead, and didn't look for any cars. I couldn't see any cars anyway, because, just as I told you before, it is the truth, as I got in a deep study, and that's the only thing. I can't account for it. I walked along the track and didn't look back for any cars at all. When I heard the car I looked around and it was right on me. . . . When I heard the buzzing sound of it pretty near me, it was just quick as lightning, it was so quick, I can't tell, I just turned, I throwed my side like that. . . . I turned to get my body out of the way, but I wasn't quick enough. I said, 'My God, I'm railroading the last 18 years and here I am cut down by a street car.'" It was upon this testimony of the plaintiff himself that we hold that no one can doubt that he was guilty of contributory negligence, which precludes his right to recover upon any ground except that of discovered peril.

Upon this latter ground, according to the testimony of the motorman, plaintiff was discovered lying on the ground with his feet on the rail, but too late to prevent running over him by the exercise of ordinary care to use the means at hand. Here is a conflict of evidence. The jury may have believed plaintiff, rather than the motorman. They may have discarded the statement that plaintiff was lying on the ground and believed that he was walking along the track, as he stated, when the motorman discovered him. They may have believed, from the facts that the motorman testified that he was keeping a lookout along the track, which was illuminated by the headlight of the car a distance of several hundred feet, and from the distance the car ran from the time the motorman endeavored to stop it, that he discovered plaintiff's peril in time, by the exercise of ordinary care to use the means at hand, to have prevented running over him. We therefore overrule this group of assignments of error.

For reason of the errors indicated the judgment of the District Court is reversed and the cause remanded.

*Reversed and remanded.*

Chief Justice James did not sit in this case.

Writ of error dismissed for want of jurisdiction.