FT. WORTH & D. C. RY. CO. v. HARRISON.

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 13, 1913. Rehearing Denied Jan. 17, 1914.)

1. RAILROADS (§ 350*)—CROSSING ACCIDENT—EVIDENCE—SUFFICIENCY.

In an action for damages to an automobile which was struck at a crossing by defendant's train, evidence of the negligence of defendant's servants in failing to keep a lookout *held* insufficient to go to the jury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1152–1192; Dec. Dig. § 350.*]

2. RAILROADS (§ 320*)—CROSSING ACCIDENT—PRESUMPTIONS.

Those in charge of a train have the right to presume that persons about to cross a railroad track in plain view of an approaching train will either stop before attempting to cross or will hasten across the tracks, and hence the fact that the speed of the train is not decreased will not establish the failure to keep a proper lookout.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1014–1016, 1019; Dec. Dig. § 320.*]

3. RAILROADS (§ 316*)—CROSSING ACCIDENT—DANGEROUS SPEED.

A showing that a railroad train was running 15 or 20 miles an hour when it passed a crossing some distance out of a little town will not in itself establish that it was run at a dangerous or negligent speed.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1006–1008, 1011, 1012; Dec. Dig. § 316.*]

Appeal from Wise County Court; E. M. Allison, Judge.

Action by E. A. Harrison against the Ft. Worth & Denver City Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Thompson & Barwise, of Ft. Worth, McMurray & Gettys, of Decatur, and J. M. Chambers, of Ft. Worth, for appellant. R. E. Carswell, of Decatur, and H. E. Lobdell, of Bridgeport, for appellee.

CONNER, C. J. Appellee recovered a judgment for the sum of $400 as damages to an automobile owned by him, and which it was alleged had been damaged by reason of appellant's negligence. It appears that the collision in question occurred a short distance south of Saginaw, a small station a few miles north of the city of Ft. Worth. At the point in question the line of appellant's railway extends approximately north and south, while the wagon road over which appellee and his chauffeur were proceeding extended east and west. The whistling post on the railway was some 400 yards north of the road crossing, and it was alleged that, as appellee was crossing the tracks of the appellant railway, one of its trains rapidly approached from the north without warning and struck and demolished his conveyance. It was charged that the injury complained of was proximately caused by the negligence of the appellant in three particulars: First, in a failure on the part of defendant's employés to give plaintiff and his driver due warning of the approach of the train by ringing the bell or blowing the whistle at a distance of at least 80 rods from the crossing; second, in the failure of said employés operating the train to keep a lookout for persons or vehicles that might be passing over said crossing; and, third, in operating said train at a high and dangerous rate of speed in approaching the crossing. Appellant's answer was a general denial and a plea of contributory negligence. The court submitted the case upon the evidence and the issues of negligence as alleged. But the verdict and judgment was for appellee, as before indicated.

[1, 2] We are of the opinion that appellant's assignments attacking the court's charge on the ground that the evidence was insufficient to authorize the submission of the second and third issues of negligence hereinbefore named should be sustained.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Each of these clauses was submitted as distinct grounds of recovery, but we find no evidence of sufficient probative force which would support a recovery on either the ground of negligence in a failure to keep a lookout or in running the train at an unreasonable rate of speed. The evidence will not be quoted, but, on the issue of keeping a lookout, it in the main is that of the engineer and fireman operating the train. The engineer testified to the effect that, after he blew the crossing whistle at the whistling post, he saw something approaching the railway track and, immediately after blowing the crossing whistle, began to sound the stock alarm, and that when he got within about 500 feet of the crossing he saw the car stop on the track but did not know then what it was. That he at once put on the emergency brake and did everything that he could to stop. The fireman testified that he was on the left-hand side of the engine when the stock alarm sounded; he looked and saw something on the right of way, but could not tell just what it was; that it was not then on the track; and that when he saw they were going to hit the car he got down on the deck of the engine to avoid being hit. The only other circumstance apparently relied upon to support the allegation of negligence in a failure to keep a lookout (also urged to sustain the issue of negligence in running at an unreasonable rate of speed) is the fact testified to by some of the witnesses that after the collision the train ran some 15 car lengths past the crossing before the engineer could stop it. This testimony, we think, is not sufficient to support the conclusion that the operatives of the train were negligent in keeping a lookout. The mere fact that there was no apparent cessation in the speed of the train until near the point of collision is not sufficient to overcome the contradicting testimony of the engineer and fireman to the effect that they saw the approaching automobile some time before they reached the crossing. We must credit the operatives of the train with entertaining a reasonable presumption that persons about to cross a railway track in plain view of an approaching train would stop before attempting to cross, or would be enabled to cross before the arrival of the train at the crossing. Railway v. Shetter, 94 Tex. 197, 59 S. W. 533. In the case before us it appears that just as the chauffeur drove upon the track, the front wheels of the automobile having crossed the first rail, he undertook to change the gear on the machine, when for the first time he and appellee both testified they discovered the near approaching train, when they hastily left the auto to its fate. To announce that the operatives of passenger and other railway trains of the country are required to anticipate that an approaching vehicle will stop upon the track without the happening of any previous circumstance so indicating, and to retard their speed or progress so as to be able to stop within a few feet, is to impose an unreasonable burden upon public traffic.

[3] The only evidence not adverted to, relating to the issue of running the train at a rapid and dangerous rate of speed, was the testimony of several witnesses to the effect that it was running 15 or 20 miles an hour, testimony which in our judgment, under the circumstances of this case, is altogether too inconclusive to authorize a recovery for damages on this ground.

Other questions need not be noticed, but, for the errors of the court's charge mentioned, it is ordered that the judgment be reversed, and the cause remanded.