CHICAGO, R. I. & G. RY. CO. v. LOFTIS et al. (No. 7899.)

(Court of Civil Appeals of Texas. Ft. Worth. April 18, 1914.)

1. RAILROADS (§ 400*)—ACTIONS FOR INJURIES TO PERSONS ON TRACK—QUESTIONS FOR JURY.

In an action for the death of a person struck by a railroad train while walking on the track, evidence that the train was running 8 or 10 miles an hour did not justify the submission of the alleged negligent dangerous rate of speed as a basis for recovery, where there was no ordinance limiting the speed of trains within the town, and though there was testimony that the track was commonly used by pedestrians, there was no evidence as to the population of the town or the frequency of such use.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1365–1381; Dec. Dig. § 400.*]

2. RAILROADS (§ 400*)—ACTIONS FOR INJURIES TO PERSONS ON TRACK — QUESTIONS FOR JURY.

In an action for the death of a person struck by a train while walking on the track, evidence *held* insufficient to justify the submission of the train employés' failure to keep a proper lookout as a ground of recovery.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1365–1381; Dec. Dig. § 400.*]

3. DEATH (§ 95*)—MEASURE OF DAMAGES.

The measure of a father's damages for the death of a minor son was the net value of the son's services to the father during minority, less the expense of maintaining him during that period.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 108, 109, 111–115, 120; Dec. Dig. § 95.*]

4. DEATH (§ 58*)—BURDEN OF PROOF—DAMAGES.

A father could not recover for the death of a minor son without proving the probable expense of maintaining the son during minority, as the jury could not properly find such expense from their own experience and without evidence.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 75–78; Dec. Dig. § 58.*]

5. RAILROADS (§ 397*)—ACTIONS FOR INJURIES TO PERSONS ON TRACK—EVIDENCE.

In an action for the death of a person struck by a train while walking on the track, where there is evidence that the railroad company had requested the town officers to keep people off the track, plaintiff's testimony that he had lived in such town for six months, and had never heard of any objections by the railroad company to people walking upon the track, should not be admitted because of its negative character, though possibly its admission would not be reversible error.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1344–1355; Dec. Dig. § 397.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

**6. TRIAL (§ 125*)—ARGUMENT OF COUNSEL—IMPROPER REMARKS.**

In an action against a railroad company for death in which contributory negligence was strongly urged as a defense, the remarks of plaintiff's counsel that he had heard of the plea of contributory negligence during his experience of 21 years as an attorney for and against railway companies was manifestly improper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 303–307; Dec. Dig. § 125.*] .

Appeal from District Court, Wise County; F. O. McKinzie, Judge.

Action by W. F. Loftis·and others against the Chicago, Rock Island & Gulf Railway Company. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

McMurray & Gettys, of Decatur, and Lassiter & Harrison, of Ft. Worth, for appellant. R. E. Carswell, of Decatur, and H. E. Lobdell, of Bridgeport, for appellees.

DUNKLIN, J. Dennis Loftis, a boy 13 years of age, while walking on the track of the Chicago, Rock Island & Gulf Railway Company in the town of Bridgeport, was struck and killed by one of the trains of that company, and W. F. Loftis, father of the boy, instituted ·this suit against the company to recover damages for the loss of the services of the son. Plaintiff's wife and a brother and sister of the deceased, by their father as next friend, intervened and adopted plaintiff's petition, and also prayed judgment for damages for the death of the boy. From a judgment in favor of the plaintiff and interveners for $1,000, the defendant has appealed.

[1] Immediately prior to the accident the boy approached the railroad track upon a public street which crossed it, and after reaching the crossing turned south upon the track. He was struck approximately 150 feet south of the crossing by a train which was backing on a downgrade. The locomotive of the train was pulling a string of cars from the north and was backing with the tender ahead of the engine as it was moving south. The evidence showed without controversy that the train was moving at the rate of 8 or 10 miles an hour just before the accident. · The court instructed the jury, in effect, that if they believed that the train at that time was running at a dangerous rate of speed, and that the operatives thereof were guilty of negligence in so doing which was the proximate cause of the injury and death of the boy, and that plaintiff sustained damages thereby, then a verdict should be returned in favor of the plaintiff. According to the testimony introduced by plaintiff the railroad track where the accident occurred was commonly used by pedestrians living in that vicinity; some of the witnesses testifying that it was so used every day. · But there was no evidence to show the population of the town, and none to show the·frequency

of such use of the track further than as stated above. Nor was it shown that the town had passed any ordinance limiting the speed of trains within its corporate limits. Under such circumstances, the testimony that the train in question was running 8 or 10 miles an hour was not sufficient to warrant the submission of the alleged negligent dangerous rate of speed of the train as a basis for recovery. Ft. Worth & Denver City Ry. Co. v. Harrison, 163 S. W. 332.

[2] The fireman upon the locomotive testified without controversy that as the train approached the crossing he was keeping a lookout, and discovered the boy before he reached the railway track; that as soon as he discovered that he was about to turn down the track he called the attention of the engineer thereto; that when he first spoke to the engineer his remark was not heard, but that he spoke to him the second time, and then the engineer did everything possible to stop the train before it struck the boy. This testimony was corroborated by that of the engineer. In the charge the jury were instructed that if defendant's employés in charge of the train failed to keep a proper lookout for persons on the track, and that ·such failure was negligence, which was the proximate cause of the injury, and which resulted in damages to the plaintiff, a verdict should be returned in plaintiff's favor. We are of the opinion that this instruction was erroneous for lack of evidence to show a failure to keep such lookout.

[3, 4] The correct rule for measuring plaintiff's damages was given in the court's charge, namely, the net· value of the boy's services to his father from the date of his death until the date he would have attained the age of 21 years over and above what would have been the father's expense in maintaining the boy during that period, but no testimony was offered to show the amount of the probable expense of such maintenance. To properly make out a case it was as necessary for plaintiff to make such proof as it was to make proof of the probable earnings of the boy, and· the jury could not properly find either of those items from their own experience and without evidence. Sabine Improvement Co. v. Perry, 54 S. W. 327.

[5] Both the constable and the town marshal of Bridgeport testified to requests made to those officers by the officials of the railway company to keep people off its track in the town of Bridgeport. The evidence further shows that there was a footpath alongside· the railway, and at a safe distance therefrom, which was also commonly used by the public. Over defendant's objection plaintiff, who had lived in Bridgeport six months prior to the accident, was permitted to testify that he had never heard of any objections on the part of the defendant company to people walking upon the track at

the place of the accident. Evidently this testimony was offered to show a license by the company to the public to use the track as a walkway. The admission of that testimony, perhaps, would not in any event be of such harmful nature as to require a reversal of the judgment, but it is of such a negative character we doubt that it should be admitted upon another trial.

[6] Counsel for plaintiff in his argument to the jury stated substantially that during his experience of 21 years as an attorney both for and against railway companies he had heard of the plea of contributory negligence, and error has been assigned to this argument, notwithstanding the fact that when it was objected to it was withdrawn by counsel who used the same and the court also instructed the jury to disregard it. The plea of contributory negligence was strongly urged by the defendant. A further discussion of the assignment complaining of this argument, which was manifestly improper, will be omitted, as it is not likely the same will be made upon another trial.

Error has been assigned to the submission of the issue of negligence on the part of the defendant's employés in failing to stop the train in time to avoid injuring the boy after discovering his peril. Appellant insists that there was no evidence to authorize the submission of that issue, in view of the testimony of the engineer and fireman that everything possible was done to avoid the injury as soon as the boy's peril was discovered. We will not discuss the force of this contention, as the evidence to support that issue may be strengthened upon another trial.

For the errors noted the judgment is reversed, and the cause remanded.