## CHARLIE LOVE v. THE STATE.

### No. 1880.  Decided June 26, 1912.

#### Rehearing denied October 23, 1912.

**1.—Burglary—Statement of Facts.**

Where counsel for appellant did not comply with the law in getting up a statement of facts, and the record was incomplete as to such statement of facts by their own fault, there was no reversible error, and the statement could not be considered, it not being approved as the law directs.

**2.—Same—Continuance—Bill of Exceptions.**

In the absence of a statement of facts, the bill of exceptions to the overruling of the motion for a continuance can not be considered, and the indictment being sufficient and the court submitting the offense charged therein, there was no error.

Appeal from the District Court of Delta.  Tried below before the Hon. R. L. Porter.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*I. B. Lane* and *Patteson & Patteson,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, tried and convicted of the offense of burglary, and his punishment assessed at two years confinement in the penitentiary.

In the record there is a paper signed alone by the attorney for appellant.  Accompanying the record is the affidavit of appellant's counsel.  One of his co-counsel, Col. J. L. Young, when the case was tried on January 19th, agreed to perfect the record on appeal, but shortly thereafter sickened and died.  The remaining counsel, upon being apprised of this fact, requested an extension of time in which to file bills of exception and a statement of facts.  The court extended the time upon this showing until March 10, 1912.  Counsel by this time had prepared one bill of exceptions and forwarded it to the court, and asked for a further extension of time, which was by the court refused, consequently this is the only bill that we can consider, being the only one in the record.  Counsel also prepared a statement of facts and submitted it to the district attorney, but upon their being unable to agree has never presented to the court a statement of facts, nor certified to the court the fact that they could not agree with the district attorney, and requested him to prepare a statement of facts, and not having done so we can neither consider the instrument sent up with the record, nor reverse the case because of their failure to receive a statement of facts, they not having

done what the law required as a prerequisite to our reversing the case because of a failure to secure a completed record. Under no circumstances are we authorized to consider a statement of facts not approved by the trial judge. (Childers v. State, 36 Texas Crim. Rep., 128; Lawrence v. State, 7 Texas Crim. App., 192; Bennett v. State, 16 Texas Crim. App., 236; Johnson v. State, 29 Texas Crim. App., 210; Hurst v. State, 39 Texas Crim. Rep., 196.) And never having presented to the judge a statement of facts, we are not authorized to reverse the case. George v. State, 25 Texas Crim. App., 229; Childers v. State, 36 Texas Crim. Rep., 128; Croomes v. State, 51 S. W. Rep., 924. The affidavits of the district attorney and court stenographer on file disclose a total lack of diligence.

The only bill of exceptions in the record relates to the action of the court in overruling the motion for continuance. As there is no statement of facts in the record we can not review this matter, because we can not judge of the materiality of the testimony in the light of the record made in the trial of the case. Smith v. State, 33 Texas Crim. Rep., 569; Loakman v. State, 32 Texas Crim. Rep., 561; Holland v. State, 31 Texas Crim. Rep., 345.

The indictment in this case charges an offense and as the charge of the court submits this offense, in the condition of the record there is nothing presented we can review.

The judgment is affirmed.

*Affirmed.*