BAKER v. COLLINS et al.    (No. 5816.)

(Court of Civil Appeals of Texas. Austin. Nov. 13, 1917. Rehearing Denied Jan. 4, 1918.)

1. RAILROADS ☞329—INJURIES ON CROSSING —NEGLIGENCE OF AUTO DRIVER.

Where plaintiff's decedent drove his automobile on a railroad crossing, when, if he was not guilty of negligence, he must have seen the headlight of an approaching train, and known that the train was approaching, and that it was dangerous for him to attempt to cross, his negligence barred any right to recover, unless the negligence of the railroad caused him to place himself in such a perilous situation as to produce mental terror, incapacitating him from acting normally.

2. RAILROADS ☞351(4)—INJURY ON CROSSING—INSTRUCTION.

In an action against a railroad for a death on its crossing, instruction that deceased had an equal right to travel with his automobile on a dirt road at its intersection with the railroad as the railroad had to run its trains on its track at the point, was improper as confusing and misleading, the case involving questions of negligence from two standpoints; negligence on the part of the railroad in approaching the crossing without giving statutory signals, and negligence on the part of the plaintiff's decedent in driving his automobile on the crossing while the train was near by and approaching.

3. RAILROADS ☞301—INJURIES AT CROSSING —RIGHT OF PRECEDENCE.

Common sense and the public welfare dictate that the right of precedence at a railroad crossing, as between a train and an automobile driver or other user of the intersecting highway, shall be accorded to the train.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. TRIAL** ☞296(4, 5) — **INSTRUCTIONS NOT CURED BY OTHER INSTRUCTION.**

In an action against a railroad for death in collision of an automobile with train at crossing, a charge calculated to lead the jury to believe that on account of decedent's equal right to travel across the crossing he would not be guilty of contributory negligence in the exercise of that right, though he negligently placed himself in a place of danger, was reversible error, despite the main charge that if decedent failed to exercise reasonable care to avoid injury from trains, there could be no recovery.

Error from District Court, McLennan County; H. M. Richey, Special Judge.

Action by Mrs. May Collins and others against James A. Baker, receiver of the International & Great Northern Railway Company. To review a judgment for plaintiffs, defendant brings error. Judgment reversed, and cause remanded for another trial.

Wilson, Dabney & King, of Houston, and Neff & Taylor, of Waco, for plaintiff in error. Edgar Harold, Chas. Braun, and Williams & Williams, all of Waco, for defendants in error.

KEY, C. J. John F. Collins and another man by the name of Phillips were riding in on automobile on a public road near Waco in the nighttime. The road referred to crossed a railroad track, and the automobile which was being operated by Mr. Collins and a railroad train which was approaching reached an intersection where the railroad track and the public road crossed each other at grade at about the same time, and as a result both Mr. Phillips and Mr. Collins were killed. Thereafter Mr. Collins' wife brought this statutory action to recover damages from James A. Baker, who was then operating the railroad in question as receiver; the recovery being sought for her minor children, as well as herself. There was a jury trial which resulted in a verdict and judgment for the plaintiffs, and the receiver Baker has brought the case to this court for a revision.

[1] We sustain the assignments which complain of the action of the trial court in giving the plaintiffs' second requested special instruction, and in not granting appellant a new trial on account of the insufficiency of the testimony to support the verdict. The undisputed proof shows that Collins drove his automobile upon the intersection of two roads when, if he was not guilty of negligence, he must have seen the headlight and known that the train was approaching the crossing, and that it was dangerous for him to attempt to cross in front of it. This being the case, the negligence of the deceased will bar any right of the plaintiffs to recover, unless the case comes within that class of cases where it is held that when the negligence of the defendant has caused the injured party to place himself in such a perilous situation as produces that degree of mental terror which incapacitates the injured party from acting as he otherwise would act, in which event the defense of contributory negligence is held not to apply. The trial court submitted that theory to the jury, but the evidence tending to support it is so meager as to amount to but little, if any, more than a scintilla. Neither upon this branch of the case, nor in considering the charge above referred to, is it deemed necessary for this court to set out and discuss the testimony. Suffice it to say that we have given it careful consideration, with the result just stated. While we do not hold that a verdict should have been instructed for the defendant, we do hold that the great weight of the testimony is so preponderant against the verdict as to entitle him to a new trial.

[2] The charge given by the court at the plaintiffs' request, and held by us to constitute error, reads as follows:

"Gentlemen of the Jury: You are instructed that as a matter of law the deceased had an equal right to travel on the dirt road at the intersection with the railroad, as the railroad had to run its train on its track at that point."

We sustain appellant's contention that this charge was confusing and misleading, and therefore the court erred in giving it. The case involved questions of negligence from two standpoints; one, negligence on the part of the defendant in approaching the crossing without giving statutory signals, and the other on the part of Mr. Collins in driving his automobile upon the crossing while the train was near by and approaching. The court in its main charge gave all the law that was necessary upon both of those questions.

In so far as the record shows, no one had charged that the deceased was a trespasser and had no right to travel the public road where it intersected and crossed the railroad track, and therefore it was unnecessary for the court to inform the jury of the deceased's right in that respect. But the charge in question was not properly framed to give the jury correct and accurate knowledge upon that subject.

As bearing upon the question of negligence charged against railroad companies in the operation of their trains, our Supreme Court has frequently said that railroads have no exclusive right to the use of their tracks where they cross public highways; that the public have the right to travel such highways, and in so doing to cross railroad tracks; and that the law imposes upon those operating railroad trains the duty of exercising due care to prevent injury to persons who may be so traveling. And in considering the question of negligence on the part of the railroad company, it is not improper to give such charge, if it is so framed as to limit it to that question.

The charge now under consideration was not restricted to a consideration of the question of the defendant's negligence, and the

jury had the right to consider it in determining the question of contributory negligence. And when so considered, and in view of the fact that it specifically declared that Mr. Collins had an equal right to travel on the dirt road at the intersection of the railroad as the railroad had to run its trains on its track at that point, the jury may have concluded that the charge meant that as Collins had such right, proof of the fact that he knowingly and willfully ran his automobile upon the track at a time when he must have known that it was very dangerous to do so would not defeat the plaintiffs' right to recover. It is not sufficient answer to say that in its main charge the court instructed the jury otherwise, and therefore the requested charge was harmless. The point is that this charge when literally construed was in conflict with the main charge of the court, and therefore it was calculated to confuse and mislead the jury upon one of the most vital questions in the case. Of course, it is not true in either law or reason that when a person is traveling a public highway which crosses a railroad track, that such person and the railroad each have the right to pass the intersection at the same time. Under such circumstances, and in the very nature of things, one or the other must have the right of precedence, because they cannot both occupy the point of intersection at the same time.

[3] Such right of precedence is not fixed by statute in this state, but, generally speaking, common sense and the public welfare dictate that it should be accorded to railroad trains; and it is a matter of common knowledge that, as a general rule, the traveling public recognize and accord such right of precedence to approaching trains. We do not state this as a rule of law to be given in charge to juries, though the writer, speaking for himself only, believes that it should be. In H. & T. C. Ry. Co. v. Wilson, 60 Tex. 142 (a case cited by counsel for appellees), this language is used in the opinion of the court:

"It is a mistake to suppose that railway companies have the exclusive right to public crossings. There the duties of the company and the public are reciprocal, *and the rights of each restricted by public necessity and convenience. While the public, in the exercise of the right to pass the railway track at such points, must use proper precautions to avoid injury from passing trains,* so also those operating trains are required to use proper precautions to avoid inflicting injury upon those crossing the track."

We have italicized a portion of the language in that excerpt, because it indicates that the court had in mind the proposition that, as a general rule, approaching trains have the right of precedence over persons traveling intersecting highways, and therefore it was declared that such persons in the exercise of their right to pass over such intersections should use proper care to avoid injury from passing trains.

[4] The charge here complained of contained no such qualification, and we think that when considered by itself it was calculated to lead the jury to believe that on account of Collins' equal right to travel across the intersection, he would not be guilty of contributory negligence in the exercise of that right, though he might negligently place himself in a place of danger. And while, as before said, the court in the main charge instructed the jury that if he failed to exercise reasonable care in order to avoid injury by the trains, the plaintiffs could not recover, still the charge in question was in conflict with that charge which brings the case within the rule announced in Baker v. Ashe, 80 Tex. 356, 16 S. W. 36, where it was held that such conflict between charges constituted reversible error.

For the errors indicated, the judgment of the court below is reversed, and the cause remanded for another trial.

Reversed and remanded.