**SOUTHERN TRACTION CO. v. KIRKSEY. (No. 5512.)**

(Court of Civil Appeals of Texas. Austin. May 12, 1920.)

1. **Railroads ☞301—Travelers' rights defined.**

Travelers on a public highway intersected by an electric railway do not have equal rights at the crossing with the railway company.

2. **Railroads ☞351(12)—Instruction on contributory negligence held improperly refused.**

In an action for the death of one struck at a highway crossing by an electric car, refusal of an instruction that if deceased saw the car, or could have seen it, and yet permitted his automobile to come in contact with the car, there could be no recovery, was improper, though the request did not submit the issue of proximate cause; for if deceased was guilty of negligence it was the proximate cause.

3. **Trial ☞240—An instruction argumentative in form is properly refused.**

An instruction argumentative in form is properly refused, though it contains a correct abstract principle of law.

4. **Trial ☞248 — Abstract instructions are properly refused.**

Abstract instructions are properly refused.

5. **Railroads ☞317—Violation of statute or ordinance negligence per se.**

The violation of a statute or ordinance regulating the speed of electric cars is negligence per se.

6. **Railroads ☞347(10)—Rate of speed evidence of negligence.**

The rate of speed at which an interurban electric car approaches a public crossing may be considered on a question of negligence, even though there is no statute regulating such speed.

7. **Witnesses ☞350—Witness not compelled to answer on cross-examination whether he has been indicted for felony.**

For purposes of impeachment a witness will not be required to answer on cross-examination whether he had been indicted for felony and so the admission of such evidence is erroneous.

8. **Railroads ☞347(11)—Evidence of intoxication of motorist held admissible.**

In an action for the death of a motorist struck at a crossing, evidence that he was drunk at the time is admissible as tending to show negligence.

9. **Negligence ☞132(3)—Evidence of habit of intoxication held admissible.**

Where it was asserted that a motorist struck at a crossing was negligent, evidence of his reputation that he was in the habit of getting drunk and driving an automobile at dangerous and rapid speed was admissible on the issue of negligence, although evidence of isolated instances would not be.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Action by Mrs. Pearl Kirksey against the Southern Traction Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Templeton, Beall & Williams, of Dallas, and Wear & Frazier, of Hillsboro, for appellant.

Scott & Ross and Shurtleff & Cummings, all of Waco, for appellee.

JENKINS, J. This cause was decided by this court November 24, 1915, with the result that the judgment of the district court, awarding damages to appellee on account of the death of her husband, alleged to have been killed by the negligence of appellant, was reversed and judgment was rendered for appellant. That decision was based upon our finding that the evidence showed that the deceased was guilty of contributory negligence as a matter of law. 181 S. W. 545. The case was taken to the Supreme Court (217 S. W. 139), and that court has decided that we were in error in so holding, but remanded the case to this court for decision as to other issues raised by appellant's assignments of error.

The decision of the Supreme Court above referred to disposes of a dozen or more of appellant's 64 assignments of error. We will

not discuss in detail the remaining assignments of error, but, having reached the conclusion that the judgment of the trial court should be reversed, we will refer specifically to those assignments which we deem necessary to assist the trial court upon another trial hereof.

[1] Appellant assigns error upon the following paragraph of the court's charge:

"You are charged that people traveling along and over public highway, whether in automobile or otherwise, at points of intersection of such highway by lines of electric railways, have equal rights at such points of intersection in the crossing thereof with the railway company."

We sustain this assignment. Our views with reference to a similar charge were fully set forth in Baker v. Collins, 199 S. W. 519, and need not here be repeated. For other authorities sustaining our views in the case above cited see Traction Co. v. Kelleher, 48 Tex. Civ. App. 421, 107 S. W. 68; Railway Co. v. Harrison, 163 S. W. 332; Railway Co. v. Garcia, 75 Tex. 583, 13 S. W. 223.

[2] We sustain appellant's forty-first assignment of error as to the refusal of the court to give the following requested charge:

"You are instructed that if you should believe from the evidence that the deceased was, just before and at the time of the accident, causing his automobile to run along the public highway as it approached the crossing in question at a rapid rate of speed, and that he saw the defendant's car as it ran along defendant's line of railway before it reached said crossing, or if you believe from the evidence that by the exercise of reasonable care and caution he could have seen said car, and that he permitted his automobile to come in contact with defendant's car at a time and under conditions that would constitute negligence on the part of deceased, as that term is defined in the main charge, you will return a verdict in favor of the defendant, even though you may believe that the defendant was guilty of negligence." Railway Co. v. Kauffmann, 46 Tex. Civ. App. 72, 101 S. W. 817; Railway Co. v. Kutac, 72 Tex. 651, 11 S. W. 127; Railway Co. v. Bracken, 59 Tex. 74.

The cases above cited announce the doctrine that the failure of one about to enter upon a railroad track to look and listen is negligence as a matter of law. It may now be regarded as the settled law of this state that such failure will not of itself amount to negligence as a matter of law, but if the jury should find that such failure was negligence on the part of the person injured, and that such negligence was a proximate cause of the injury, there will be no right of recovery, and the jury should be so instructed. It is true that requested charge did not submit the issue of proximate cause, but, under the undisputed evidence, if the deceased was guilty of negligence in driving his automobile against appellant's car, there could be no question but that such negligence was a proximate cause of his death.

[3] Appellant assigns error upon the court's giving special charge No. 1, requested by appellee. The charge is correct as a principle of law, but it should not have been given for the reason that it is argumentative in form. This observation applies to a number of charges requested by appellant and refused by the court.

[4] The first part of special charge No. 8, requested by the appellant, is an abstract statement, and should not be given; but upon another trial the court should instruct the jury substantially as set forth in the following part of said requested charge, namely:

"If, therefore, you believe from the evidence that any of those operating the defendant's car at the time of the accident saw the deceased riding in his automobile on the public highway and approaching defendant's line of railway where it crossed said public highway at a time and under the conditions when there was no obstruction between the deceased and defendant's said car, and if you further believe that those in charge of the defendant's said car, acting as a reasonably prudent man would have acted under the same circumstances, had reason to believe that the deceased saw defendant's car as it ran along said line of railway and approaching and near to said crossing, those in charge of defendant's said car would in such an event have had a right to presume that the deceased would check his car and not run the same in contact with defendant's car upon said crossing."

Of course, this would not apply after appellant had discovered the peril of deceased, if it had done so; but discovered peril was not an issue in this case.

[5, 6] Appellant complains of the charge of the court in submitting the issue as to the rate of speed at which it was operating its car in approaching the crossing where the deceased was killed; the argument being that this was error, for the reason that there is no statute regulating the rate of speed at which an interurban car may be run outside of a town or city. It is true that there is no such statute. If there was, a violation of the same would be negligence per se. But it is nevertheless true that the rate of speed with which a car approaches a public crossing is a circumstance which may be taken into consideration on the issue of negligence. The same is true also as to failure to blow a whistle, ring a bell, sound a gong, or to give other warning of approach to such crossing.

[7] Upon the trial of this cause, J. W.

Morrison testified to facts which tended to show that the deceased was drunk at the time he ran his automobile against the interurban car. This was material testimony, and if believed· by the jury may have properly influenced them in determining the issue of contributory negligence on the part of deceased. It does not follow that because a man was drunk he was reckless or negligent in the manner in which he drove his automobile, but such fact may be considered by a jury in determining the issue of negligence.

This. witness was compelled, over appellant's objection, to answer upon his cross-examination whether he had within the last five years been charged with a felony, and in answer to such question he stated that he had within that time been indicted for a felony, to wit, an assault with intent to rape. This testimony was admitted for the purpose of impeaching this witness Morrison. There is a conflict upon this point between the decisions of the Court of Criminal Appeals in this state and of our Supreme Court; the former holding that such testimony is admissible; the latter that it is not. Railway Co. v. Creason, 101 Tex. 337, 107 S. W. 527; Railway Co. v. Johnson, 83 Tex. 633, 19 S. W. 151; Hill v. Dons, 37 S. W. 639; Railway Co. v. De Bond, 21 Tex. Civ. App. 691, 53 S. W. 593; Boon v. Weathered, 23 Tex. 678; Kennedy v. Upshaw, 66 Tex. 452, 1 S. W. 412. The admission of the impeaching testimony above referred to constituted reversible error.

[8, 9] Appellant offered to prove by several witnesses that the general reputation of the deceased was that he was in the habit of getting drunk and driving an automobile at a rapid and dangerous speed, in disregard of his own safety and the safety of others. This testimony the court refused to permit to be given to the jury, upon the ground that such testimony would not tend to establish the fact that the deceased was driving recklessly, and not in the exercise of ordinary care, at the time he was killed. It would have been permissible for appellant to prove, if it could, that the deceased was drunk at the time he drove his automobile against appellant's car, for the reason that this fact would tend to show negligence on the part of the deceased. It would tend to prove such fact, for the reason that intoxication tends to lessen and sometimes to destroy the powers of observation and the element of caution. As said by Scotland's bard:

"Inspiring bold John Barleycorn,
What dangers thou canst make us scorn!"

The fact of intoxication being relative, any fact which would legitimately tend to establish such fact was also relative. We think the fact that a person was in the habit of getting drunk, and while in such condition driving recklessly upon public highways, roads, and street crossings, would be a matter for the proper consideration of a jury as to whether or not he was intoxicated at the time of his injury, and we think that his habit in this regard could be proven by general reputation. We do not think it would be permissible to prove particular or isolated instances as to his reckless driving while drunk.

We hold that for the reasons stated this cause should be reversed and remanded for a new trial in accordance with this opinion; and it is so ordered.

Reversed and remanded.