## M. M. BARRINGTON V. THE STATE.

No. 10534.　Delivered February 23, 1927.

### 1.—Burglary—Evidence—Properly Admitted.

Where, on the trial for burglary, of appellant, and his co-defendant, A. J. Davis, jointly, there was no error in permitting the state on cross-examination of appellant to prove that both he and his co-defendant had entered a plea of guilty in the county court for the theft of the chickens and turkey, shown to have been the fruits of the burglary.

### 2.—Same—Bill of Exception—Qualification by Court—No Error Presented.

Where a bill of exception is qualified by the trial judge with the statement that he cannot approve the bill, his notation is equivalent to a refusal of it, and such bill cannot be considered by this court.

### 3.—Same—Evidence—Hearsay—Properly Rejected.

Where, on a trial for burglary, there was no error in excluding testimony offered by appellant, that a witness heard Mrs. Mass and the brother of appellant tell him and A. J. Davis in the jail that the County Judge and County Attorney had authorized them to state to appellant and Davis that if they would plead guilty to the theft of the chickens, no further prosecution would follow.　This was hearsay and properly excluded.

4.—Same—Argument of Counsel—Bill of Exception—Qualification of Court.

Where appellant complains of the argument of state's counsel and his bill of exception is qualified by the court to the effect that the attention of the court was not called to any such argument by a written request at the time of the trial, and that he does not recall that the argument was made, the qualification controls the bill and no error is presented. Following *Lane v. State*, 59 Tex. Crim. Rep. 595; *Watson v. State*, 287 S. W. 265.

5.—Same—Bill of Exception—Supported by Affidavit of Counsel—Not Proper Practice.

Where the court qualifies a bill of exception by stating that he does not recall that the matter complained of occurred, it is not proper practice for the attorney of appellant to attach his own affidavit to such bill, stating that the recitals in the bill are correct, and such affidavit cannot be considered. His remedy would be a bystander's bill taken in compliance with Art. 2237, R. C. S. 1925. Attorneys to the suit are not "bystanders." Following *Polk v. State*, 91 Tex. Crim. Rep. 354, *and other cases cited.*

6.—Same—Misconduct of Sheriff—Rebuked by Court—Not Reversible Error.

Where, during the progress of the trial of appellant and his co-defendant Davis the sheriff caused Davis to stand up in the presence of the jury and searched him. Upon the court inquiring of the sheriff what he was doing, he replied he was searching Davis for a butcher knife. The court rebuked the officer and ordered him to desist from further search. No facts are set out in appellant's bill which show that the conduct of the sheriff toward Davis resulted in such injury to appellant as would warrant the reversal of appellant's case.

Appeal from the District Court of Shackelford County. Tried below before the Hon. W. R. Ely, Judge.

Appeal from a conviction for burglary, penalty four years in the penitentiary.

The opinion states the case.

*Saunders & Bounds* of Breckenridge, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for burglary, punishment being four years in the penitentiary.

The house alleged to have been burglarized was a chicken house belonging to Mr. J. R. Davis and situated in Albany, Texas. Appellant and one A. J. Davis were separately indicted, charged with committing the burglary, but by agreement were tried jointly. We learn this from the recitals in one of the bills of exception. The evidence established that the house in question was burglariously entered on the night of February 18, 1926, and between thirty and forty chickens and one turkey

· stolen. About one week later A. J. Davis sold Collins, a poultry dealer at Cisco, a turkey and forty-four chickens. The trade was made with A. J. Davis, but appellant was present and helped unload the poultry. The turkey and part of the chickens purchased by Collins were positively identified by J. R. Davis as those stolen from him on the night of the burglary. Appellant admitted being present with A. J. Davis when the poultry was sold to Collins, but denied any interest in the poultry or that he participated in the burglary. The testimony of A. J. Davis is also found in the record. He denied the burglary but admitted selling the poultry to Collins, claiming he had received them from a Mrs. Mass (who was his former wife) and averred that he was disposing of them for her. She was a lace and toilet article peddler and claimed to take chickens in trade and then have her former husband sell them for her. However, she denied ever having traded for a turkey with a knot under its eye (which was one of the distinguishing features of the particular turkey in this case) or of getting any chickens in trade from J. R. Davis. The defense interposed occurs to us to have been rather fanciful and it evidently was so regarded by the jury.

The case seems to have been submitted in a manner acceptable to appellant, as no objections to the court's instructions appear in the record. Seven bills of exception bring forward complaints of matters occurring during the trial.

Bills Nos. 1 and 2 complain because appellant was asked about having plead guilty to stealing the chickens. This incident was not mentioned until appellant went on the witness stand in his own behalf and on his direct examination his own counsel developed that he had been convicted in the county court for the theft of the chickens. On cross-examination it was elicited that both he and A. J. Davis had entered pleas of guilty to the theft of the chickens. In an effort to break the force of this circumstance both of them claimed that they were not guilty but were induced to enter the plea on the promise of the County Attorney and County Judge that no burglary charge would be prosecuted. This was denied by the two officers named. No error appears in this proceeding.

.. Bill No. 3 cannot be considered. The matters therein complained of are not certified by the trial judge as having taken place. He says expressly that he cannot approve the bill. His notation was equivalent to a refusal of it.

It is not necessary to discuss bill No. 4. It complains of the court's refusal to instruct a verdict of not guilty on the theory

that the state had not shown that appellant burglariously entered the house in question. The facts warranted the refusal of this instruction.

In bill No. 5 complaint is made because the court did not permit one Rambo to testify that he heard Mrs. Mass and the brother of appellant tell him and A. J. Davis in the jail that the County Judge and County Attorney had authorized them to state to appellant and Davis if they would plead guilty to the theft of the chickens no further prosecution would follow. · This was hearsay and properly excluded. It was denied by the officers that they made any such promise or authorized anyone else to do so.

Bill No. 6 cannot be considered. It attempts to bring forward complaint at the argument of the prosecuting attorney. The court declined to approve the bill. He says in his notation that his attention was not called to any such argument by a written request at the time of the trial and that he does not recall that the language complained of was used. This is not a certificate that the argument was made. Cases directly in point are Lane v. State, 59 Tex. Crim. Rep. 595, 129 S. W. 353; Watson v. State, 287 S. W. 265. The affidavit of appellant's attorney attached to the bill stating that the recitals in the bill are correct cannot be considered. If appellant desired to resort to a bystander's bill it was necessary for him to comply with the statute. R. C. S., Art. 2237 (1925 Revision). This requires three bystanders. It has also been decided that attorneys or parties to the suit are not such bystanders as was contemplated by the statute. Polk v. State, 91 Tex. Crim. Rep. 354, 238 S. W. 934; Walker v. State, 88 Tex. Crim. Rep. 389, 227 S. W. 308; Hunt v. State, 89 Tex. Crim Rep. 89, 229 S. W. 869.

Bill No. 7 presents the following occurrence: While appellant and A. J. Davis were separately indicted they were by agreement being tried jointly. During the temporary absence of appellant's attorney from the court room the sheriff caused A. J. Davis to stand up and in the presence of the jury searched him. The court observing what was going on, asked the officer what he was doing, to which the officer replied that he was searching Davis for a butcher knife. The court rebuked the officer and ordered him to desist from further search. No search was made of this appellant. Upon returning to the court room counsel for appellant was apprised of what had happened and moved the court to "discharge the jury and declare a mistrial" on account of the sheriff's conduct, it being appellant's contention that it would prejudice the jury against the appellant and cause them

to believe that both he and Davis were dangerous characters, etc. Nothing is shown in the bill to indicate what information the officer had to induce his action in searching Davis. Circumstances might arise which would justify an officer in such a search, but from the fact that the court rebuked him for his act in this instance we must infer that no justifying reasons were known to the court. Even though the sheriff's search of Davis may have been unauthorized, the bill does not state sufficient facts for us to determine that his conduct towards Davis resulted in injury to this appellant which demanded of the court the action requested.

The judgment is affirmed.

*Affirmed.*