### ELY v. LASCH. (No. 7283.)

Court of Civil Appeals of Texas. Austin. Nov. 14, 1928.

Rehearing Denied Dec. 12, 1928.

Taylor & Irwin and George Sergeant, all of Dallas, for appellant.

J. Hardy Neel and Smithdeal, Shook, Spence & Bowyer, all of Dallas, for appellee.

BLAIR, J. Appellant sued appellee to establish a resulting trust in property situated in Dallas, alleging that it was purchased and owned by himself and appellee in equal portions, but that title was taken in appellee's name by agreement. Appellee denied any such agreement, and the jury found (a) that no such agreement was made, and (b) that appellant did not contribute any money for improvements on the property in furtherance of the agreement as alleged by him. Judgment was rendered for appellee confirming her title to the property; and by this appeal appellant attacks that judgment upon the following grounds:

1. The court excluded the deed records showing a deed from one Cole to appellee conveying the property in suit upon the ground that same was secondary evidence, and because appellant had not given appellee notice to produce the original deed. The record shows, however, that later appellee did produce the original deed and that appellant introduced it in evidence before he rested his case. We therefore conclude that if it was error to exclude the deed records when offered, the error was harmless, because appellant obtained the benefit of what the deed records disclosed by introducing the original deed before he rested his case.

2. The court admitted in evidence, over appellant's objection that it was improper and prejudicial, the testimony of Mrs. Anna Ely, the divorced widow of appellant, and the daughter of appellee, to the effect that appellant cursed, abused, choked, and struck appellee, injuring her arm and neck, and that he tried to destroy the house, tore the wall paper off the wall, and threatened to burn the house and to kill appellee. Appellee insists that this testimony was admissible to impeach the following testimony of appellant:

"When we married we went from Dallas to Waco and on returning home that night the question arose as to where we would live."

"When we said we were not going to live there she (appellee) mentioned the fact that she was too old to make her living and urged that we stay there and let her daughter live there with her, and us help take care of her; she mentioned the fact that as soon as the

heirs come of age we could buy that lot. * * * Where the agreement came in where we will make it half and half, Mrs. Lasch said I am old now and it won't be long until you throw me out. I will have to go to the old folks' home. I said no, you won't have to go to the old folks' home as long as I live. When the subject came up as to whose name the lot would be put in I said go ahead, mother, it will be all right to put it in your name. It will prove to you that we don't intend to throw you out to the old folks' home. At all times I treated her with kindness and consideration."

"It was understood that my name wouldn't be in the deed, to show her that she didn't have to be sent to the old folks' home. * * * I did say, 'Now, mother, the lot is in your name; you are not afraid of going to the poor farm, are you?'"

"As to treating her with kindness and consideration I did as much so, I guess, as any man could possibly treat his mother-in-law."

It is apparent from this evidence that appellant was endeavoring to gain credit with the jury for having treated his mother-in-law with kindness and consideration, and to establish for the jury's information why he entered into the agreement by showing how he had treated appellee, how he tried to allay her fears and worries about going to the poor house, and how out of his pity and kindness for her because of these fears and apprehensions he had permitted the deed to be made to her. And apparently to further gain the confidence of the jury appellant also testified that: "At all times I have treated her (appellee) with kindness and consideration." Appellant offered this testimony on direct examination in support of his case, and must have thought it material and helpful; and to impeach his credibility in that respect appellee had the right to show acts and conduct on his part inconsistent with this testimony.

The rule with respect to this question is stated in 40 Cyc. p. 2581, to be that a witness may be impeached as to his credibility by showing acts and conduct on his part inconsistent with his testimony. Certainly appellant's action in striking, abusing, and choking appellee is inconsistent with his testimony that "at all times I treated her with kindness and consideration," and is inconsistent with the following testimony: "Now, mother, the lot is in your name. You are not afraid of going to the poor farm, are you?"

3. The next question relates to alleged improper argument of counsel for appellee to the jury. The record shows that the bill of exception raising the question was not approved by the trial court. The appellant attempted to prepare a bystander's bill, but the proposed bystander's bill shows that the affidavit in support of it was not signed by three bystanders, but by three of appellant's attorneys. The following authorities hold that a bill of exception not approved by the trial judge will not be considered; that the attorneys in the case are not "bystanders" in the contemplation of the law; and that a bill signed by three attorneys in the case cannot be considered as a bystander's bill, because not proved by three bystanders. Article 2237, R. S. 1925; Peugh v. Moody (Tex. Civ. App.) 145 S. W. 296; W. U. Tel. Co. v. Trice (Tex. Civ. App.) 48 S. W. 770; Austin State R. Co. v. Calhoun (Tex. Civ. App.) 240 S. W. 327; Crane v. State, 91 Tex. Cr. R. 304, 240 S. W. 920; Holloman v. Black (Tex. Civ. App.) 188 S. W. 973; C., R. I. & G. R. Co. v. Faulkner (Tex. Civ. App.) 194 S. W. 651; City of Henderson v. Fields (Tex. Civ. App.) 194 S. W. 1003; Glover v. Pfeuffer (Tex. Civ. App.) 163 S. W. 984; Barrington v. State, 106 Tex. Cr. R. 193, 291 S. W. 557; Walker v. State, 88 Tex. Cr. R. 389, 227 S. W. 308.

4. Appellant complains that there is no evidence to support the finding of the jury on issue No. 3 submitted. Appellant requested the court to submit the issue, and raised the question of the insufficiency of the evidence for the first time on motion for a new trial, and is therefore estopped to assert that there is no legal evidence to support the issue. Hanrick v. Hanrick, 110 Tex. 59, 173 S. W. 211, 214 S. W. 321; Independent Shope Brick Co. v. Dugger (Tex. Com. App.) 285 S. W. 599.

We find no error in the judgment, and it is affirmed.

Affirmed.