**HARRIS COUNTY FLOOD CONTROL DISTRICT, Appellant,**

**v.**

**H. M. COHEN et ux., Appellees.**

**No. 12865.**

Court of Civil Appeals of Texas.

Galveston.

Oct. 6, 1955.

Rehearing Denied Oct. 27, 1955.

918

Burke Holman, County Atty., and Madison Rayburn, Asst. County Atty., Houston, for appellant.

Roy L. Arterbury and Carroll R. Graham, Houston, for appellees.

CODY, Justice.

This is a condemnation suit brought by Harris County Flood Control District against H. M. Cohen and wife to condemn the fee simple title to 4.473 acres of land lying along Brays Bayou east of Scott Bridge in the City of Houston, and described by metes and bounds in appellant's pleadings. On the trial of the cause it was stipulated by the parties that the condemnor acquired title to the property, for which suit was brought for condemnation, on February 18, 1954, and that the only issue to be determined upon the trial was the value of the land so condemned as of February 18, 1954.

The case was submitted on one special issue as to the value of the land in question as of the date of its acquisition, namely, February 18, 1954. The jury found such value to be $60,000 and the court rendered judgment therefor and the condemning authority has appealed from said judgment and predicates its appeal upon four points of error to the effect that:

(1) The court erred in admitting the testimony of appellees' witness Yeager showing the sale of property in the remote vicinity at 80 cents a square foot as of December, 1954, because such testimony showed an enhancement of value since the date of the acquisition of the property, namely February 18, 1954;

(2) The court erred in admitting the testimony of appellees' witness Yeager because he testified relative to the value of property which was not comparable and similar to the land of appellees;

(3) The court erred in failing to instruct the jury not to consider the closing argument of appellees' counsel, who stated, "Why, they paid $18,000 for some land up the Bayou from this land—a little less than an acre. They or somebody paid it", there being no evidence in the record to such effect;

(4) The court erred in failing to declare a mistrial when appellees' counsel, in his argument to the jury, made the aforesaid statement which could not have been "cured" by an instruction from the court.

Opinion

We overrule appellant's first point which in effect charges that the court erred in admitting the testimony of appellees' witness Yeager, namely that a piece of property (described by appellant as being in the remote vicinity of the property being condemned by it and the title to which it had acquired by condemnation on February 18, 1954) had been sold in December, 1954, for 80 cents per square foot. In connection

with its said point appellant contends that such testimony showed the *enhanced* value of property in the vicinity which had taken place between February 18, and December, 1954. We digress here to state that the record shows that the witness Yeager testified that no change had taken place in the value of the property in the vicinity between the said dates, namely February 18 and December, 1954. And we further digress to state that the record shows that the same testimony of Yeager which appellant asserts it objected to had been admitted earlier in the trial without any objection to its admission.

However, in the interest of brevity and without discussing any grounds which might justify the ruling of the court had an objection been made to the admission of the evidence, we base our ruling on the ground that the court declined to give appellant a bill of exception to the effect that appellant had objected to the admission of the aforesaid testimony, but to the contrary the court gave a bill of exception which affirmatively found that no objection was made by appellant to the admission of the testimony in question. While the statement of facts appeared to confirm the court's finding in the aforesaid bill of exception, appellant only approved the statement of facts with this saving clause: "Subject to Plaintiff's bills of exceptions." By this language appellant was evidently referring to the purported Bystander's Bill by which it undertook to preserve its asserted error under the authority of Texas Rules of Civil Procedure, Rule 372, Sec. (j), which reads:

"Should the party be dissatisfied with said bill filed by the judge, he may, upon procuring the signatures of three respectable bystanders, citizens of this State, attesting to the correctness of the bill as presented by him, have the same filed as part of the record of the cause; and the truth of the matter in reference thereto may be controverted and maintained by affidavits, not exceeding five in number on each side, to be filed with the papers of the cause, within ten days after the filing of said bill and to be considered as a part of the record relating thereto. *The truth of such bill of exceptions shall be determined on appeal from such affidavits.*"

The language of Sec. (j), except that to which we have added emphasis, is identical with former subd. 9 of Art. 2237.

Appellant's said purported Bystander's Bill, which it designates as its Bystander's Bill No. 1, was duly executed by (1) Madison Rayburn, the Assistant County Attorney who tried the case, (2) Billy R. Kerr, who is also an Assistant County Attorney of Harris County, and (3) J. J. Gallagher, an engineer of the appellant Flood Control District, who participated in the trial as representative of the Flood Control District, assisting the Honorable Madison Rayburn in the trial of the case.

The above provision for taking a bystander's bill, whether considered as a statute or later as a rule, has been construed to mean that the term "bystander" used therein relates to one who has no concern with the outcome of the case on trial. Glover v. Pfeuffer, Tex.Civ.App., 163 S.W. 984, 988 (writ refused); and see Ely v. Lasch, Tex.Civ.App., 11 S.W.2d 593; Carr v. DeWitt, Tex.Civ.App., 171 S.W.2d 388. It is obvious that not one of the aforesaid gentlemen who executed appellant's "bystander's bill No. 1" could qualify as a "bystander". And since that was necessary for a bystander's bill to have three bystanders sign it in order to be effective, the bystander's bill in question has no validity and consequently no error is presented thereby.

What has been said with respect to appellant's first point is equally applicable to appellant's second point. With respect to the matter complained of by appellant's second point the court filed a bill of exception to the effect that appellant made no objection to the admission of testimony, which is the subject matter of the complaint made in its second point. Thereupon appellant sought to preserve the asserted error in a bystander's bill which was exe-

cuted by the same persons who signed appellant's first asserted bystander's bill. No error has been preserved by appellant for presentment on appeal by its purported second bystander's bill and appellant's second point is overruled.

We overrule appellant's third point to the effect that the court erred in failing to instruct the jury not to consider the unwarranted and out-of-the-record closing argument of appellees' counsel where it was stated, "Why, gentlemen of the jury, they paid $18,000.00 per acre for some land up the bayou from this land—a little less than an acre. They or somebody paid it." We have carefully considered appellant's bill of exception designated Bill of Exception No. 3, which was approved by the court, and the bill of exception does not support appellant's contention that appellees' counsel said the Harris County Flood Control District had paid some other people $18,000 an acre up the Bayou a way from this land. The record does show that appellees' witness Westerhaus testified that the Silverman tract sold at $18,000 per acre and is a long narrow strip in front of Town & Country Apartments. Appellees' counsel was not apprised that appellant excepted to this portion of his argument. The exception was made privately, or secretly, to the judge and appellant did not press the court for a ruling. We are unable to hold that the argument, if a prejudicial error, could not have been cured by an instruction from the court to the jury to disregard it.

▮ The law relative to the necessary showing to be made by one complaining of an improper argument, so as to entitle the complainant to a new trial, has recently been reviewed by the Supreme Court in Texas Employers' Insurance Ass'n v. Haywood, 266 S.W.2d 856, 858, wherein the Court makes the following holdings:

1. Generally speaking objection must be made to the argument at the time it is made and by the court overruled for "it is only when the probable harm or the resulting prejudice cannot be eliminated or 'cured' by retraction or instruction that a new trial will be awarded in the absence of timely objection. * * *"

2. Where the argument is improper only because its nature is calculated to inflame the minds and arouse the passion of prejudice such argument is usually regarded as being of the "curable" type. However, this is not an invariable rule. Appeals to national, racial or religious prejudice are apt to be held not curable by an instruction to the jury to disregard the same.

3. The Supreme Court often reverses judgments because counsel used the medium of argument to get before the court any or different evidence even though objection was not timely made thereto.

We have examined the record and it does show that there was testimony of the nature which appellees' counsel stated to the jury and while we do not consider the matter of much moment, it is quite clear that the bill of exception does not state that appellees' counsel said that appellant gave the $18,000 for an acre.

▮ There was much other evidence in the record relative to the value of the land being condemned, which would have warranted a much larger verdict than the jury returned. Where various witnesses have testified as to various values of a particular piece of land, which testimony would have supported a higher valuation than found by the jury, we are wholly unable to see why, if counsel made an error in stating certain of the testimony as to the value thereof, such as was done in this case, it would not be readily curable by an instruction from the court to the jury to disregard same.

We overrule appellant's fourth point. A single juror was questioned by appellant as to whether or not the argument by appellees' counsel about $18,000 being paid for a little strip of land up Bray's Bayou was discussed by the jury, and the juror stated that it was. The juror was further asked whether or not there was any discussion in the jury room with regard to the alleged price of 80 cents a square foot having been paid for some land up Bray's Bayou from the land being condemned, and the juror

answered that there was a discussion in the jury room regarding the price of 80 cents a square foot. Mr. Conn said juror was then asked what his first vote in this case was as to the market price he wanted to allow for the land being condemned and he answered $36,000. The trial court may have disbelieved the juror. In any event the trial court refused to grant a new trial and we fail to see anything in the evidence by the juror which would warrant the court in declaring a mistrial.

The judgment is ordered affirmed.